UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KATHLEEN KOTTOM,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERT D. WALKER and FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>    Defendants.<br>_____/ | No. C 14-4492 LB<br><br>ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION AND DENYING WITHOUT PREJUDICE DEFENDANT'S SUMMARY-JUDGMENT MOTION<br><br>[RE: ECF NOS. 40, 42] |

**INTRODUCTION**

This lawsuit is about the rightful beneficiary to an life insurance policy. The decedent's widow Kathleen Kottom sued the decedent's former business partner Albert Walker to settle the issue. (ECF No. 1)[1] Farmers is a defendant and interpleaded the $1 million policy amount. The issue now is Mr. Walker's summary-judgment motion, which he filed on March 23, 2015. (ECF No. 40.) Ms. Kottom filed an administrative motion, and then her opposition, saying that the motion is premature. (ECF Nos. 42, 45.) For the reasons stated herein, the court agrees and denies without prejudice the summary-judgment motion as premature.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated numbers at the tops of documents.

ORDER
C 14-4492 LB

**STATEMENT**

The following additional facts are relevant. The court held an initial case-management conference on January 15, 2015. (ECF No. 33.) The case-management statement discussed the parties' ongoing business relationship in what may be a declining business, Ms. Kottom's allegations that Mr. Walker may have breached his fiduciary duties, and her possible amendment of the pleadings following a forensic audit of the business's books. (ECF No. 28 at 5.) For those reasons, and based on a strategy of working toward private mediation in mid-May, the court set the deadline to amend the pleadings to May 28, 2015, which is beyond the court's customary two-months pleadings cut-off.

Thereafter, Mr. Walker filed his summary-judgment motion. (ECF No. 40.) On March 31, 2015, Ms. Kottom filed an administrative motion to continue the summary-judgment hearing, saying among other things that it is premature, facts were still developing through discovery, and mediation is scheduled for mid-May. (ECF No. 42.) The court waited the requisite four days to rule on the motion to give Mr. Walker time to file any opposition, which he did on April 3, 2015. (ECF No. 43.) In it, he notes that Plaintiff initially asked him only for a two-week extension and suggests that the summary-judgment motion is easily addressed based only on evidence of the insurance policy itself. (*Id.*) On April 9, 2015, Mr. Walker filed a notice that Plaintiff had not timely opposed his summary-judgment motion and that her administrative motion was not a sufficient opposition. (ECF No. 44.) On April 10, 2015, Plaintiff filed her opposition, reiterating her objections to the early summary-judgment motion. (ECF NO. 45.)

**ANALYSIS**

The court's strategy was to allow the parties to focus on mediation first without the spend that might attend unnecessary litigation, including premature amendment of the pleadings. That may have been implicit in the court's case-management order, but it was at least somewhat explicit at the case-management conference. The court is not opposed to early summary-judgment motions because often they can refine litigation. It generally expects to discuss the timing of early motions at a case-management conference that also addresses the interplay between motion and discovery. Another timing issue often is how a motion affects settlement negotiations. And here, the court's take-away

from the January case-management conference was that the parties' personal and business dynamics might be better addressed by trying to do some discovery about the state of the business (even if those claims are not yet part of the litigation) and then making a good effort to resolve them through mediation.

That remains the court's view. There is plenty of time for an early summary-judgment motion before a big spend on discovery, and there is room to adjust fact-discovery deadlines (without affecting the trial date) to accommodate the process. Also, the court's view is that generally the pleadings should be settled before a summary-judgment motion.

These issues and the timing of any early summary-judgment motion can be discussed at the next case-management conference on May 28, 2015. To avoid a premature rush to amend the pleadings before the parties update the court about their mediation, the court extends the date to amend the pleadings to June 11, 2015.

The parties are free to put the case on the court's case-management calendar in April if their views on timing are different.

## CONCLUSION

The court grants in part Plaintiff's motion to extend the time period to extend the time period to hear Defendant's summary-judgment motion. The court does not extend the time period until September and instead will address timing issues at the May case-management conference.

For administrative reasons, the court denies the pending summary-judgment motion without prejudice. After the court confers with the parties about the scheduling, Defendant may re-notice the same motion by a one-page motion that cross-references the earlier-filed motion. Plaintiff thereafter must respond on the ordinary five-week briefing schedule.

This disposes of ECF Nos. 40 and 42.

**IT IS SO ORDERED**.

Dated: April 10, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER
C 14-4492 LB